**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VIRGINIA MOLINERO CALVO,

Petitioner,

v. No. 2:26-cv-01884-DHU-SCY

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; DAVID VENTURELLA, in his official capacity as Field Office Director for the El Paso Field Office of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Assistant Field Office Director of Immigration and Customs Enforcement; WARDEN, Otero County Processing Center; TODD BLANCHE, U.S. Attorney General; and ACTING DIRECTOR, U.S. Immigration and Customs Enforcement,

Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Virginia Molinero Calvo's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where she argues that her detention without a bond hearing violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 19-29.[1] She asks this Court to order Respondents to immediately release her. *Id.* at 8.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here,

[1] Petitioner also challenges her immigration arrest as violating the Fourth Amendment. *Id.* ¶¶ 30-35. However, because the Court grants Petitioner's Habeas Petition on her INA and Due Process claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

where Petitioner entered the United States without inspection and was subsequently detained by Immigration and Customs Enforcement ("ICE") years later, specifically, on November 15, 2025, in Dallas, Texas. Doc. 1 ¶ 12. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Moreover, Respondents' resultant denial of a bond hearing deprived Petitioner of her due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1284 (D.N.M. 2026).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, July 22, 2026, she shall be immediately released.

At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, July 23, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE